### WILLIAM R. MESSICK,

*vs.*

### ELLA S. JOHNSON and JACOB WEST, Sheriff.

#### *Sussex, Sept.* 26, 1917.

Where defendant, who was seeking to have land claimed by complainant sold to satisfy a judgment obtained against a former owner, who had conveyed to complainant's grantor before rendition of the judgment, offered no evidence to show fraud in complainant's title, sale will be enjoined, for otherwise complainant's title would be clouded, though complainant would have no opportunity to attack the validity of defendant's judgment.

INJUNCTION BILL. By the bill the complainant seeks to enjoin a sale by the sheriff under a writ of *venditioni exponas* issued on a judgment obtained by Ella S. Johnson, one of the defendants, in the Superior Court, in and for Sussex County. The facts appear in the opinion previously filed in this cause, reported *ante. p.* 164, 98 *Atl.* 218.

*Woodburn Martin*, of Georgetown, for complainant.
*Robert C. White*, of Georgetown, for defendants.

THE CHANCELLOR. In the opinion filed with the order overruling the demurrer to the bill the material facts alleged in the bill were stated. Afterwards the defendant, Ella S. Johnson, filed an answer admitting substantially all the allegations of the bill and denying the title of the complainant, which she said was fraudulent and therefore null and void. She also filed a cross-bill setting out the character of the fraud, and asked that the deed evidencing the title of the complainant be annulled. Testimony of both sides was taken by depositions before an examiner. The complainant put in evidence his paper title, and the defendant, Ella S. Johnson, only offered evidence as to the refusal of the Deputy Register of Wills to accept the

resignation of Everett M. Barr as administrator of Hettie A. S. Kollock. At the final hearing the cross-bill was on motion of the complainant therein, Ella S. Johnson, the defendant in the original cause, dismissed. There was, therefore, no change in the facts to be considered, except evidence that the resignation of Barr as administrator had been refused.

Inasmuch as all of the material questions raised were passed on in the opinion on the demurrer, and the defendant, Ella S. Johnson, did not offer any evidence as to the fraud with which she charged the title of the complainant to be tainted, but on the contrary withdrew the cross-bill wherein a fraud was charged, and as I adhere to the views expressed in the opinion heretofore filed in this cause, which were based largely on decisions of the courts of Delaware, including the Court of Errors and Appeals, the complainant will be awarded a final decree for a permanent injunction enjoining the defendants from selling the premises of the complainant for the payment of the judgment recovered against the administrator of Hettie A. S. Kollock.

The case of *Hall v. Greenly,* 1 *Del. Ch.* 274, cited by the solicitor for the defendant does not conflict with this view taken. In the cited case Chancellor Ridgely refused to set aside a voluntary deed made by a father to his two minor sons, the land having been sold by the sheriff in execution of judgments against the father recovered subsequently to the deed but contracted prior to it, and left the complainant to take his more effective remedy in an action at law. There were also other reasons assigned. In the case before this court the equity of the bill is to prevent the cloud on the title which would otherwise arise in case the sale is made.

It is not necessary to decide whether that judgment was irregular and invalid by reason of the resignation of the administrator before the institution of the action on which the judgment was entered, for the result would be the same even if the judgment be invalid.

The complainant as the owner of land may, though he be not in possession thereof, enjoin a sale thereof to collect a judgment obtained against a prior owner, who before recovery

of the judgment had conveyed the land to one under whom the complainant took title, and the basis of the jurisdiction is the prevention of the creation of a cloud on the title of the complainant which would result from such sale, where the complainant could not attack the validity of the judgment.

The costs of all parties will be imposed on the defendant, Ella S. Johnson.

Let a decree be entered accordingly.

Note. On appeal the decree of the Chancellor was reversed. See *post p.* 454.